IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS W. GUTHRIE, | : | CIVIL ACTION NO. **3:CV-07-1119** |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security, | : | |
| Defendant | : | |

### REPORT AND RECOMMENDATION

This is a Social Security disability case pursuant to 42 U.S.C. § 405(g), wherein the Plaintiff, Douglas W. Guthrie, is seeking review of the decision of the Commissioner of Social Security, ("Commissioner"), that denied his claim for Disability Insurance Benefits, ("DIB"), and Supplemental Security Income, ("SSI"), pursuant to Titles II and XVI of the Social Security Act, ("Act").  42 U.S.C. §§ 401-433, 1381-1383f.

**I.    PROCEDURAL HISTORY.**

Plaintiff protectively filed an application for DIB and SSI on December 6, 2004, alleging disability since April 18, 2000, due to cervical spine conditions and a mental impairment.  (R. 49-52, 264-68).  The state agency denied his claim initially and he filed a timely request for a hearing.  (R. 37-40, 270-74).  A hearing was held before an Administrative Law Judge, ("ALJ"), on August 10, 2006.  (R. 286-308).  At the hearing, Plaintiff, represented by counsel, and a vocational expert, ("VE"), testified.  (R. 283-308).  Plaintiff was denied benefits pursuant to the ALJ's decision of August 15, 2006.  (R. 16-23).

Plaintiff requested review of the ALJ's decision.  The Appeals Council denied his request on April 27, 2007, thereby making the ALJ's decision the final decision of the Commissioner.  (R. 4-7).  42 U.S.C. § 405(g).

In compliance with the Procedural Order issued in this matter, the parties have filed briefs in support of their respective positions. (Docs. 8, 9 and 10).

**II.    STANDARD OF REVIEW.**

When reviewing the denial of disability benefits, we must determine whether the denial is supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Mason v. Shalala*, 994 F.2d 1058 (3d Cir. 1993). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552 (1988); *Hartranft v. Apfel*, 181 F.3d 358, 360. (3d Cir. 1999). It is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

To receive disability benefits, the Plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

**III.    DISABILITY EVALUATION PROCESS.**

A five-step evaluation process is used to determine if a person is eligible for disability benefits. *See* 20 C.F.R. § 404.1520 (2004). *See also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). If the Commissioner finds that a plaintiff is disabled or not disabled at any

point in the sequence, review does not proceed any further.  *See* 20 C.F.R. § 404.1520.

The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work.  *See* 20 C.F.R. § 404.1520.

In the present matter, the ALJ proceeded through each step of the sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Act. (R. 16-24).  At step one, the ALJ found that Plaintiff has not engaged in substantial gainful work activity since his alleged disability onset date, April 18, 2000.  (R. 18).  At step two, the ALJ concluded that Plaintiff's cervical degenerative disc disease, left upper extremity radiculopathy, left rotator cuff rupture and depression were "severe" impairments within the meaning of the Regulations.  (R. 19).  At step three, the ALJ found that Plaintiff does not have an impairment, or combination or impairments, severe enough to meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  (R. 19).

At step four, the ALJ found that Plaintiff is unable to perform any of his past relevant work. (R. 22).  At step five the ALJ found that Plaintiff has the residual functional capacity, ("RFC"), to perform a reduced range of light duty work.  (R. 19-23).  Thus, the ALJ determined that Plaintiff has not been under a disability, as defined in the Act, from April 11, 2000, through the date of the ALJ's decision.  (R. 23).

## IV.   BACKGROUND.

### A. Factual Background.

Plaintiff was born on July 5, 1954 and was fifty-two (52) years old at the time of the ALJ's decision. (R. 286-87).  Therefore, he is considered a "person closely approaching advanced age" under the Regulations.  20 C.F.R. §§ 404.1563(d), 416.963(d).  Plaintiff has a high school education and served in the United States Navy.  (R. 287-88).  He has past relevant work experience as an optician and work in the management field.  (R. 288, 303).

Plaintiff testified that he experiences constant pain in his arms, shoulder and down to his hip. (R. 290-92). He has reduced range of motion of his neck and pain in his ankle. (R. 291). Plaintiff also stated that he suffers from depression. He stated that his medications help somewhat and that they specifically help with his depression. (R. 290). Plaintiff also stated that he has difficulty sleeping. (R. 299). He stated that his symptoms produce both good days and bad days. (R. 300). On bad days, Plaintiff does not do much, he becomes depressed and experiences a lot of pain. (R. 300).

Plaintiff testified that he can sit for less than thirty minutes, stand and walk for short periods of time, he can lift twenty pounds with his right arm and cannot lift with his left arm. (R. 292-94, 296). Plaintiff grocery shops, does laundry, cooks and goes to church. (R. 294-95).

Plaintiff broke his shoulder in three places when he fell off a ladder. (R. 297). He also broke his ankle, developed a callous on his right foot and injured his hip in a logging accident. (R. 297-98).

Vocational expert, Calvin Anderson, testified based on the *Dictionary of Occupational Titles*. (R. 302-07). Mr. Anderson classified Plaintiff's past work in the optician field as highly skilled work in the light to medium duty exertional level. (R. 303). In response to the ALJ's hypothetical questions, Mr. Anderson stated that Plaintiff would be capable of performing work as a machine tender, a cashier and an inspector. (R. 305). Mr. Anderson also stated that if Plaintiff's testimony was accepted as credible, he would not be able to perform any work in the economy. (R. 306).

### B. Medical Background.

As a threshold matter, we note that Plaintiff's appeal deals only with his mental impairment. Thus, for purposes of this appeal, we will focus on Plaintiff's mental impairment.

Plaintiff began treating with neurologist Charles S. Yanofsky, M.D., in September 2004. (R. 163-65). On December 14, 2004, Dr. Yanofsky noted that Plaintiff had psychosocial issues. (R. 159-60). On November 14, 2005, Dr. Yanofsky noted that

Plaintiff's problems were not entirely depression, but "more of a state of inadequacy." (R. 201). In July 2005, Dr. Yanofsky stated that Plaintiff has primarily an inadequate personality. (R. 202). On January 30, 2006, Dr. Yanofsky again stated that he believed that Plaintiff is "just a totally inadequate person really with more of a resistant type personality disorder rather than actual treatable depression." (R. 199-200).

On February 23, 2005, John D. Chiampi, Ph.D., a Disability Determination Services, ("DDS"), physician completed a Psychiatric Review Technique Form. (R. 175-88). Dr. Chiampi evaluated Plaintiff's impairment pursuant to Listing 12.04, Affective Disorders, and found that Plaintiff's impairment was not severe. (R. 175).

Plaintiff treated with psychiatrist Dilwyn Symes, M.D., in 2005 and 2006. The record contains Dr. Symes' treatment notes and medication management charts. (R. 204-33, 252-61).

On May 25, 2006, Plaintiff underwent a psychiatric evaluation performed by Anthony Bianco, M.D. (R. 235-36). Dr. Bianco ultimately diagnosed a single episode of major depression (moderate), chronic pain syndrome, financial, primary support, family and medical problems and assessed a Global Assessment of Functioning, ("GAF"), score of 50[1] and noted that Plaintiff's highest GAF score in the previous year was 60.[2] (R. 236).

---

[1] A GAF score between 41 and 50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision*, 34, Washington, DC, American Psychiatric Association, 2000. ("DSM-IV-TR").

[2] A GAF score between 51 and 60 indicates "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)." DSM-IV-TR at 34.

**V.     DISCUSSION.**

***A. Whether the ALJ erred by failing to accord adequate weight to Plaintiff's mental impairment and failing to give proper weight to the psychiatric evidence of record.***

Plaintiff argues that the ALJ erred in evaluating his mental impairment. (Doc. 8 at 10-12). In support of his argument, Plaintiff references Dr. Bianco's assessment of a GAF score of 50. (Doc. 8 at 11). Further, Plaintiff states that the ALJ failed to evaluate Dr. Yanofsky's notes that Plaintiff suffered from depression and despondency. (Doc. 8 at 11).

The ALJ evaluated Plaintiff's impairment pursuant to Listing 12.04. (R. 19). To meet the required level of severity for Listing 12.04 Plaintiff had to meet either the A and B criteria or the C criteria of the listing. To meet the requirements of A and B, Plaintiff had to show "medically documented persistence, either continuous or intermittent, of one" of a number of enumerated A criteria symptoms, in addition to at least two of the following B criteria:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
> 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.04(A), (B).

To meet the requirements of the C criteria of Listing 12.04, Plaintiff had to show "[m]edically documented history of a chronic affective disorder of at least 2 years' duration" that had imposed a greater-than-minimal limitation on the Plaintiff's ability to do basic work activities, "with symptoms or signs currently attenuated by medication or psychosocial support," and either:

> 1. Repeated episodes of decompensation, each of extended duration; or
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement

6

20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.04(C).

The ALJ found that Plaintiff meets the threshold criteria of Listing 12.04, but fails to meet the severity requirements of the listing. (R. 19). Contrary to Plaintiff's argument, (Doc. 8 at 11), the ALJ discussed the impact of Plaintiff's impairment on his activities of daily living and social functioning. (R. 19). Pursuant to the B criteria, the ALJ found that Plaintiff has no more than mild restriction of activities of daily living and his ability to maintain social functioning, moderate difficulties with concentration, persistence or pace, and no episodes of decompensation. (R. 19). The ALJ also found no evidence that Plaintiff met or equaled the C criteria. (R. 19). The ALJ therefore found that Plaintiff's impairment failed to meet Listing 12.04.

We must stress that it is the claimant's burden to prove that his condition meets or equals the specific clinical requirements of a listed impairment, such as Listing 12.04, before he can be considered to be disabled *per se* without consideration of vocational factors, such as age, education, and work experience. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citations omitted). To be entitled to disability benefits, a claimant must show that all, not just some, of the criteria for a listing are met. *Zebley*, 493 U.S. at 530. The Commissioner must make the legal determination as to whether an impairment meets or equals a listing. *See* 20 C.F.R. § 404.1527(e)(1) and (2).

As noted, Plaintiff underwent a psychiatric evaluation with Dr. Bianco on May 25, 2006. (R. 235-36). Dr. Bianco assessed a GAF score of 50 and noted that Plaintiff's highest GAF score in the previous year was 60. (R. 236). Upon mental status examination, Dr. Bianco noted that Plaintiff was "very depressed," tearful, was uncomfortable due to his pain, his speech was clear, logical and goal directed, he was adequately groomed, there was no thought disorder, hallucinations or delusions, he portrayed average intellectual ability, he had intact memory, difficulty concentrating, he reported that he was unable to sleep without medication, he only socializes with his children, he denied suicidal intent and his insight and judgment were fair. (R. 236).

On his February 11, 2005 disability questionnaire, Plaintiff reported that he has no problem getting along with others, he watches sporting events with his children three times a week, he gets along with authority figures "very well," he listens to criticism, he does not have difficulty in public, he belongs to organized groups, he is able to complete projects and activities at his own pace, he is able to plan his days, has no trouble understanding and carrying out instructions and he makes his own decisions. (R. 69-70). Plaintiff also reported that he suffers from pain, his children help with the household chores, he has difficulty sleeping and wakes up approximately five times per night. (R. 66-72).

On February 23, 2005, Dr. Chiampi, a DDS physician, determined that Plaintiff's impairment was not severe under Listing 12.04. (R. 175). We note that state agency medical consultants are "highly qualified" physicians and experts in the evaluation of the medical issues in disability claims under the Act, and their opinions must be considered by the ALJ. *See* Social Security Ruling 96-6p and 20 C.F.R. § 404.1527(f).

Regarding Dr. Yanofsky's notes, the ALJ referenced his findings and noted that Dr. Yanofsky's records reveal that Plaintiff suffered from depression and anxiety. (R. 20). As indicated, Plaintiff treated with Dr. Yanofsky, a neurologist, on several occasions. In addition to physical impairments, Dr. Yanofsky noted that Plaintiff had psychosocial issues. Dr. Yanofsky stated that Plaintiff was more of an inadequate person rather than a person suffering from treatable depression. (R. 159-60, 199-202).

We note that because Dr. Yanofsky was a neurologist, his treatment notes regarding Plaintiff's mental impairment are not entitled to controlling weight. The Regulations state: "Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. For example, if your ophthalmologist notices that you have complained of neck pain during your eye examinations, we will consider his or her opinion with respect to your neck pain, but we will give it less weight than that of another physician who has treated you for the neck pain.

When the treating source has reasonable knowledge of your impairment(s), we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 416.927(d)(2)(ii).  The Regulations further state, "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."  20 C.F.R. § 416.927(d)(5).

Substantial evidence supports the ALJ's evaluation of Plaintiff's mental impairment. While the record reflects that Plaintiff suffers from limitations as a result of his impairments, there is substantial evidence in the record to support the ALJ's finding that Plaintiff was not under a disability as defined in the Act.

### B. *Whether the Appeals Council erred by failing to admit new evidence.*

Plaintiff next argues that the Appeals Council erred by failing to admit new and material evidence submitted to the Appeals Council.  (Doc. 8 at 12-13).  As Defendant notes, this Court cannot review the Appeals Council's decision to deny review.  *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001).  The Third Circuit in *Matthews* stated as follows:

> *No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review*.  No statutory provision authorizes the district court to make a decision on the substantial evidence standard based on the new and material evidence never presented to the ALJ.  Instead, the Act gives the district court authority to remand the case to the Commissioner, but only if the claimant has shown good cause why such new and material evidence was not presented to the ALJ.

*Matthews*, 239 F.3d at 594 (emphasis added).  Thus, this Court may not review the decision of the Appeals Council.  This Court may only review the final decision of the ALJ.

Plaintiff further argues that his case should be remanded to the Commissioner pursuant to the sixth sentence of 42 U.S.C. § 405(g). (Doc. 8 at 12-13, Doc. 10).  In *Szubak v. Sec'y of Health and Human Services*, 745 F.2d 831, 833 (3d Cir. 1984), the court stated that to admit new evidence, it "must first be 'new' and not merely cumulative of what is already in the record."  *Id*.  It must also be material, meaning that it is "relevant and probative" and there is a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination."  *Id*.  "An implicit materiality requirement is

9

that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." *Id.*

Additionally, when evidence is presented for the first time to the district court, the claimant must demonstrate "good cause for not having incorporated the new evidence into the administrative record." *Szubak*, 745 F.2d at 833; *see also Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001).

Plaintiff states that the Appeals Council refused to consider treatment notes from Dr. Alamy and a January 16, 2007 psychiatric evaluation. (Doc. 8 at 12) (R. 278-82). The evidence submitted to the Appeals Council includes treatment notes from Dr. Alamy with dates ranging from April 4, 2006 to November 2006. (R. 278-80). As noted, the ALJ rendered her decision on August 15, 2006. (R. 13-25). Thus, some of Dr. Alamy's treatment notes were available prior to the ALJ's decision. Plaintiff failed to state good cause why he did not submit such evidence before the ALJ rendered her decision. Plaintiff specifically argues that the Appeals Council failed to consider the treatment notes beginning September 27, 2006. (Doc. 8 at 12). These treatment notes reveal that Plaintiff complained of pain, difficulty sleeping and depression. (R. 278). The previously submitted evidence of record documents Plaintiff's pain, trouble sleeping and depression. Plaintiff previously reported on his disability questionnaire and at the ALJ hearing that he had difficulty sleeping. (R. 72, 299). The evidence submitted to the Appeals Council also contains two pages of the qualifications of Dr. Alamy. (R. 281-82).

The evidence at issue is cumulative of the other evidence in the record and is therefore not new. It is cumulative because Dr. Alamy notes that Plaintiff suffers from pain, sleeplessness and depression. These limitations were considered by the ALJ when rendering her decision. Dr. Alamy offers no new diagnoses or assessments. The ALJ considered Plaintiff's pain and limitations and found that Plaintiff suffered from the severe impairments of cervical degenerative disc disease, left upper extremity radiculopathy and left rotator cuff rupture. (R. 19). The ALJ also determined that Plaintiff's depression failed to meet the listing

requirements and was not a severe impairment.  (R. 19).  The evidence is not material because there is not a reasonable possibility that it would have changed the determination of disability.  *See Szubak*, 745 F.2d at 833.

Further, as Defendant notes, Plaintiff has failed to provide the Court with a copy of the January 16, 2007 psychiatric evaluation.  (Doc. 9 at 9).  In his reply brief, Plaintiff notes that he retyped the contents of the January 16, 2007 psychiatric evaluation into his appeal brief, Doc. 8 at 8-10.  (Doc. 10 at 3).  Plaintiff further states in his reply brief that, "if the case is remanded, the original document is available to be submitted into evidence at or before the hearing." (Doc. 10 at 3-4).  However, the proper procedure was for Plaintiff to submit the new evidence to the Appeals Council.  *See Matthews*, 239 F.3d at 594 ("The new and material evidence is transmitted with the record so that the district court will have before it the evidence that will be the subject of the remand if the claimant can show good cause why such new and material evidence was not submitted to the ALJ.").  Plaintiff did not submit the January 16, 2007 psychiatric evaluation, it is not part of the record and it is not available for review by the court.  Thus, Plaintiff has failed to submit new and material evidence warranting a remand.

**VI.    RECOMMENDATION.**

Based upon the foregoing, it is respectfully recommended that Plaintiff's appeal be **DENIED**.


        **s/ Thomas M.  Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: April 17, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS W. GUTHRIE, | : | CIVIL ACTION NO. **3:CV-07-1119** |
| Plaintiff | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security, | : | |
| Defendant | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 17, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M.  Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: April 17, 2008**