IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS W. GUTHRIE,  Plaintiff | : No. 3:07cv1119 |
| v. | : (Judge Munley) |
| MICHAEL ASTRUE, Commissioner of Social Security,  Defendant | : |

## MEMORANDUM

Before the court for disposition is the report and recommendation of Magistrate Judge Thomas M. Blewitt suggesting the denial of plaintiff's Social Security appeal. Plaintiff has filed objections to the report and recommendation, and the matter is ripe for disposition.

**Background**

Plaintiff's date of birth is July 5, 1954. He was fifty-two years old at the time of the Social Security decision at issue. (Record "R." at 287). He is thus considered a "person closely approaching advanced age" under Social Security regulations. 20 C.F.R. § 404.1563(d). Plaintiff attained a high school education and served in the United States Navy. (R. at 287). He has had past employment as an optician and management work. (R. at 288, 303).

Plaintiff suffers from pain in his arms, shoulder, ankle and hip. (R. at 291).[1] The range of motion of his neck is reduced. (Id.). Important to this evaluation is the fact that plaintiff suffers from depression and difficulty sleeping. (R. at 290, 299). He has good days and bad days. On bad

---

[1] Plaintiff fell off of a ladder and broke his shoulder in three places. (R. 297). Due to a logging accident, he broke his ankle, developed a callous on his right foot and injured his hip. (R. 297-98).

days he does not do much; he becomes depressed and experiences much pain. (R. at 300).

At his social security hearing, plaintiff testified that he can sit for less than thirty minutes, stand and walk for short periods of time, lift twenty pounds with his right arm, but can lift nothing with the left.  (R. at 292-94). With regard to daily activities, plaintiff shops for groceries, does laundry, cooks and goes to church.  (R. at 294-95).

On December 6, 2004, plaintiff protectively filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income, ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act").  42 U.S.C. § § 401-433, 1381-1383f.  Plaintiff alleged disability based upon cervical spine conditions and a mental impairment.  (R. at 49-52, 264-268).

His claim was denied initially by the state agency, and plaintiff filed a timely request for a hearing.  (R. at 37-40, 270-74).  Administrative Law Judge Geraldine H. Page held a hearing on August 10, 2006. (R. at 283-308).  Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing.  (Id.).  The VE testified that plaintiff's past work in the optician field was highly skilled work in the light to medium duty exertional level.  (R. at 303).  The VE further testified that plaintiff would be capable of performing work such as: machine tender, cashier and an inspector.  (R. at 305).  Accordingly, the ALJ denied benefits to the plaintiff in a decision dated August 15, 2006.  (R. at 16-23).

Plaintiff requested that the Appeals Council review the ALJ's decision.  On April 27, 2007, the Appeals Council denied the request for review.  (R. at 4-7).  The ALJ's decision is thus the final decision of the defendant Commissioner of Social Security.  42 U.S.C. § 405(g).

Plaintiff then filed the instant appeal.  The case was assigned to Magistrate Judge Thomas M. Blewitt for the issuance of a report and recommendation on the merits of the appeal.  The magistrate judge recommends denying the appeal.  (Doc. 11).  Plaintiff filed objections to the report and recommendation, bringing the case to its present posture.

**Jurisdiction**

We have jurisdiction over the instant action pursuant to 42 U.S.C. § 405 (g).[2]

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

When reviewing the denial of disability benefits, we must determine whether the denial is supported by substantial evidence.  Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Mason v. Shalala, 994 F.2d 1058 (3d

---

[2] "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has the principal place of business."  42 U.S.C. § 405(g).

Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

The Social Security Act defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to perform in the workplace. In order to receive disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act further provides that a person must "not only [be] unable to do this previous work but [must be unable], considering his age, education, and work experience, [to] engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 423(d)(2)(A); Heckler v. Campbell, 461 U.S. 458, 459-60 (1983).

In analyzing disability claims, the Commissioner employs a five-step sequential evaluation. 20 C.F.R. § 416.920. The initial three steps are as follows: 1) whether the applicant is engaged in substantial gainful activity; 2) whether the applicant has a severe impairment; 3) whether the applicant's impairment meets or equals an impairment listed by the Secretary of Health and Human Services as creating a presumption of disability. If claimant's impairment does not meet requirement 3, the claimant must demonstrate 4) that the impairment prevents him from doing

past relevant work. See 20 C.F.R. §§ 404.1520, 416.920.  If the applicant establishes steps one through four, then the burden is on the Commissioner to demonstrate the final step:  5) that jobs exist in the national economy that the claimant can perform.  Jesurum v. Secretary of the U.S. Dept. of Health and Human Services, 48 F. 3d 114, 117 (3d Cir. 1995).

**Discussion**

The plaintiff's appeal and the report and recommendation deal solely with the plaintiff's mental impairment, not his physical impairments.  Thus, we shall also only address issues involving the mental impairment.  Plaintiff alleges that the magistrate judge erred in finding that the ALJ's conclusion that claimant's mental health impairment is not disabling is supported by substantial evidence.  In the alternative, plaintiff seeks remand because the ALJ did not give adequate consideration to plaintiff's mental health impairment.  Plaintiff also contends that remand is appropriate because there exists new and material evidence which was not before the ALJ when she made her decision and good cause exists for not having presented the evidence to the ALJ.

**A.  ALJ's analysis of mental impairment**

Plaintiff argues that the ALJ erred in his analysis of his mental impairment.  Therefore, we must examine the ALJ's findings on this issue.  The ALJ applied the five-step sequential analysis to plaintiff's mental impairment.  She found that plaintiff was not engaged in substantial gainful activity and that he suffered from a severe impairment.  (R. at 18-19).  At step three of the analysis, however, she found that the impairment did not meet or equal an impairment listed by the Secretary of Health and Human

Services as creating a presumption of disability. (R. at 19). The listed impairment that she examined was Section 12.04. (Id.). Under Section 12.04 the plaintiff must meet certain requirements to be presumed disabled. He can establish that he has a "[m]edically documented persistence, either continuous or intermittent, of one" of enumerated symptoms and meet at least two of the following criteria:

> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or  3. Marked difficulties in maintaining concentration, persistence, or pace; or  4. Repeated episodes of decompensation, each of extended duration;

20 C.F.R. pt. 404, app. 1, Listing 12.04(A),(B).

A Social Security claimant can also be presumed disabled due to a mental ailment where he demonstrates "[m]edically documented history of a chronic affective disorder of at least 2 years' duration" imposing a greater-than-minimal limitation on his ability to do basic work activities "with symptoms or signs currently attenuated by medication or psychosocial support," and one of the following:

> 1. Repeated episodes of decompensation, each of extended duration; or
> 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement

20 C.F.R. pt. 404, app. 1, Listing 12.04(C).

The ALJ determined that plaintiff's impairment was not severe enough to meet the requirements of the listing. (R. at 19). "The claimant has no more than a mild restriction of activities of daily living and his ability to maintain social functioning. He has only had moderate difficulties with

concentration, persistence and pace; and he has not had any episodes of deterioration of an extended duration." (R. at 19). ALJ cites to a May 25, 2005 visit to Anthony Bianco, M.D. for a psychiatric evaluation. Bianco diagnosed plaintiff as suffering from a moderate single episode of major depression. The ALJ found that after following Bianco's recommendations, plaintiff experienced improvement in his symptoms.[3] (R. at 21). The plaintiff objects to this finding.

      The ALJ also noted the report of plaintiff's primary care physician, Charles S. Yanosky, M.D. that plaintiff had been having depression and anxiety. (R. at 20). Yanosky's reports indicate as follows: September 30, 2004, a three page report mainly on physical problems states: "There are some psychosocial elements." (R. at 164). November 2, 2004, a report indicates: "As it turns out there may be other psychosocial issues to which makes his situation more complicated." (R. at 162). A third note from Yanosky indicates that he examined plaintiff again on December 14, 2004. The note again relates the physical pain that plaintiff was in and indicates that he was difficult to examine because he was in tears. The doctor discussed with him a medicine that would help him with his pain as well as his anxiety and depression. (R. at 159-160). After examining the plaintiff on January 30, 2006, Yanofsky indicated that plaintiff suffered from a resistant type personality disorder rather than actual treatable depression. (R. at 199- 200).   On November 14, 2005, Yanofsky opined that plaintiff's

---

[3]

      The ALJ also relied upon the assessment made by physicians with the Disability Determinations Services. Although they concluded, contrary to the ALJ, that plaintiff did not have a severe mental impairment. (R. at 21).

7

problems were not entirely depression but "more of a state of inadequacy." (R. at 201).  On July 12, 2005, the doctor again indicated that his opinion was that the plaintiff was an "inadequate personality."  (R. at 202).  In April 7, 2005, Dr. Yanofsky saw the plaintiff again and indicated that he was despondent and breaks out into tears very easily.  (R. at 203).

Anthony Bianco, M.D., diagnosed plaintiff with major depression single episode, moderate on May 25, 2005.  (R. at 236).    He found the plaintiff to be tearful and very depressed.   (R. at 235-236). After noting Dr. Bianco's report, the ALJ concluded that plaintiff's "progress records show that he experienced some improvement in his symptoms." (R. at 21).  This conclusion is not supported by substantial evidence.  The record does not indicate improvement of plaintiff's symptoms.  For example, on June 22, 2005, Dr. Bianco again examined the plaintiff.  He indicated that the plaintiff related that he was not any better.  The doctor suggested he remain on his medication another four (4) weeks to determine if he improves.  (R. at 234).

Various other progress notes from May 2005 through July 2006 are included in the record.  (R. at 204-228, 252-261).  These notes reflect that plaintiff was not improving.  It is consistently reported that plaintiff is teary-eyed and depressed.  For example, notes from January 2006 indicate that plaintiff continues to be depressed, anxious and fearful and several times it is mentioned that he is teary-eyed and crying.  (R. at 209-211).  The notes do reflect a pattern of the plaintiff's mood improving during the course of each session with his counselor, it does not however, reflect a general

improvement.[4] (R. at 205, 208).

Therefore, the evidence before the ALJ indicated that plaintiff suffered from some mental limitations including a major depression single episode, moderate, and psychosocial issues. As set forth above, the regulations are very specific as to what must be found to establish a disabling mental impairment. The fact that the plaintiff has **not** improved is contrary to the ALJ's finding and may cause the Commissioner to analyze the factors differently.[5] As explained more fully below, therefore, the case will be remanded to the Commissioner.

## B. Remand

Plaintiff argues that his case should be remanded to the Commissioner because of the availability of new evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g). In order for such a remand to be proper, the following three elements must be met: 1) the new evidence must in fact be new and not merely cumulative of what is already in the record; 2) the new evidence must be material, that is relevant and probative and 3) good cause must exist as to why the evidence was not

---

[4] These notes may have been the source of the ALJ determining that the plaintiff has shown improvement. As stated in the main body, however, the improvement appears to be a slight improvement in mood during the session, not generally. It is understandable, however, that the ALJ may have erred in reading these notes. They are difficult to read as they are in handwritten with poor penmanship.

[5] In the alternative to remand, plaintiff seeks to have us determine that the plaintiff is disabled and award benefits. As this determination is highly technical and we will order the Commissioner to examine new evidence, we find it is best to remand the case and allow the Commissioner to apply his expertise.

previously made part of the administrative record.   <u>Szubak v. Sec'y of Health and Human Services</u>, 745 F.2d 831, 833 (3d Cir. 1984).

Specifically, the court explained:

> As amended in 1980, § 405(g) now requires that to support a "new evidence" remand, the evidence must first be "new" and not merely cumulative of what is already in the record. Second, the evidence must be "material;" it must be relevant and probative. Beyond that, the materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. Finally the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record.

<u>Id.</u>

The report and recommendation opines that the evidence that plaintiff seeks to use as a justification for remand is not new and merely is cumulative. As such, it would not have changed the ALJ's disability determination. (Doc. 11, 10-11).  Plaintiff argues that the post-hearing clinic notes and psychiatric evaluation of S. Shaheer Alamy, M.D., provide strong new evidence that at the relevant time, plaintiff suffered from an affective disorder of "listings level" severity to meet Listing 12.04. Plaintiff indicates that Dr. Alamy's notes and evaluation clarify the degree of severity of plaintiff's impairment.

Attached to the objections are the notes at issue. The first is dated July 27, 2006 and September 12, 2006. (Doc. 12-2 at 1). Also included are doctor's notes from September 27, 2006, October 18, 2006 and November 15, 2006. (Doc. 12-2 at 1-3). Finally, plaintiff submits a psychiatric evaluation from January 16, 2007. (Doc. 12-2 at 4).   After a

careful review, we are in agreement with the plaintiff.

The evidence is new and not merely cumulative because it should help the Commissioner determine the severity of plaintiff's impairment. For the same reason, it is relevant and probative. Dr. Alamy concludes that plaintiff suffers from severe and relentless depression. (Doc. 12-2, at 4). She indicates that he has a longstanding history of depression and insomnia. (Id.). Dr. Alamy's diagnosis is "major depressive disorder, recurrent severe." The Commissioner has not reviewed these notes and examined the plaintiff's mental impairment during the relevant time frame in light of its ongoing nature.[6] Good cause has been established for it not being presented at the hearing in that it was all created after the hearing took place.[7] We shall thus remand to the Commissioner.

---

[6] Evidently, a portion of one of these notes is included in the record, but a part of the note is crossed out. (R. at 278).

[7] The hearing in the instant case was held on August 10, 2006. (R. at 27). The progress notes at issue are dated September 12, 2006, September 27, 2006, October 18, 2006 and November 15, 2006. (Doc. 12-2). The other piece of new evidence is a Psychiatric evaluation dated January 16, 2007. (Id.).

The first note is also dated July 27, 2006, which would have been approximately two (2) weeks before the hearing. It is unclear what this date refers to as the individual progress notes are supplied their own dates. There are two recorded on the sheet dated July 27, 2006, one on September 12 and one on September 27, 2006. The Commissioner is instructed to examine all of these records despite the July 27th date on the first one.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS W. GUTHRIE,<br>　　　　　Plaintiff | : No. 3:07cv1119<br>:<br>: (Judge Munley) |
| 　　v. | : |
| MICHAEL ASTRUE,<br>Commissioner of<br>Social Security,<br>　　　　　Defendant | :<br>:<br>:<br>: |

## ORDER

**AND NOW**, to wit, this 30th day of September 2008, it is hereby **ORDERED** as follows:

1) The report and recommendation (Doc. 11) is **NOT ADOPTED**;

2) The plaintiff's objections (Doc. 12) are **SUSTAINED** to the extent that this case will be remanded to the Commissioner and **DENIED** in other respects;

3) The Clerk of Court is directed to remand this case to the Commissioner for further consideration of plaintiff's claim in conformance with the attached memorandum.

　　　　　　　　　　　　　　　　　　**BY THE COURT:**

　　　　　　　　　　　　　　　　　　**s/ James M. Munley**
　　　　　　　　　　　　　　　　　　**JUDGE JAMES M. MUNLEY**
　　　　　　　　　　　　　　　　　　**United States District Court**

.